IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

UNITED STATES OF AMERICA

V.

JUAN SAENZ-TAMEZ, JUAN ALBERTO
CORREA, JUAN GARZA CORREA,
RICKY ST. JULIEN, RONELLE PORTER,
MARK LOTTIG, DONALD RAY SIMIEN
AND CHRISTOPHER OMIGIE,

DEFENDANTS

Case No. 1:13-CR-96
(Judge Crone)

### DEFENDANT CHRISTOPHER OMIGIE'S MEMORANDUM IN SUPPORT OF HIS OPPOSED MOTION TO SUBSTITUTE COUNSEL

**MAY IT PLEASE THE COURT:**

#### BACKGROUND

Defendant, Christopher Omigie, presently has appointed counsel representing him. He now wishes to have retained counsel represent him, and, to that end, he has retained as his attorney Jonathan D. Goins. Mr. Goins is willing and able to assume representation of Mr. Omigie at this time, without undue delay to the court or the judicial process. Mr. Omigie has filed a motion to substitute counsel, which has been approved by him and his present counsel of record, Jonathan Stovall. John A. Craft, Assistant United States Attorney, representing the government herein, opposes the motion to substitute counsel. The motion is presently pending.

#### LAW AND ARGUMENT

The court is obviously well aware of the guarantee to counsel of the Sixth Amendment of the United States constitution, which provides, in part, that "In all criminal prosecutions, the accused shall . . . have the assistance of counsel for his defense."

In *Powell v. State of Alabama.*, 287 U.S. 45, 53 S.Ct. 55 (U.S. 1932), the United States Supreme Court held that " It is hardly necessary to say that the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure *counsel of his own choice*." (emphasis added).

While acknowledging that the right to counsel of choice is not absolute, in his dissent in *Wheat v. U.S.*, 486 U.S. 153, 108 S.Ct. 1692 (U.S.Cal.,1988), citing *Powell v. State of Alabama*, Justice Marshall, with whom Justice Brennan joined, stated the fundamental and foundational rationale for, particularly, a criminal defendant's right to counsel of his or her own choosing. In *Wheat*, Justice Marshall stated that:

> This Court long has recognized, and today reaffirms, that the Sixth Amendment provides protection for a criminal defendant's choice of counsel. More than 50 years ago, we stated that "[i]t is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of *his own choice*." Powell v. Alabama, 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158 (1932). This Court has reiterated this principle on frequent occasions. See, e.g., Chandler v. Fretag, 348 U.S. 3, 9, 75 S.Ct. 1, 4–5, 99 L.Ed. 4 (1954); Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 464–65, 86 L.Ed. 680 (1942). Our statements on this score stem largely from an appreciation that a primary purpose of the Sixth Amendment is to grant a criminal defendant *effective control over the conduct of his defense*. As this Court previously has stated, the Sixth Amendment "grants to the accused personally the *right* to make his defense," because "it is he who suffers the consequences if the defense fails." Faretta v. California, 422 U.S. 806, 819–820, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975). An obviously *critical aspect* of making a defense is choosing a person to serve as an assistant and representative. In addition, lodging the selection of counsel with the defendant generally will *promote the fairness and integrity of criminal trials*. (emphasis added).

As the court in *U.S. v. Buhler*, 278 F.Supp.2d 1297 (M.D.Fla.,2003) held:

> [A]lthough it is possible the change in counsel might cause some additional delay, the Court cannot find any reason that Defendant's request to terminate [and substitute] counsel should not be granted.

Like in *Buhler*, while this substitution may cause some short and reasonable delay, the motion is not brought for that purpose, and Mr. Omigie is entitled to be represented by counsel of his own choice. This is especially true here, as this is Mr. Omigie's first request to substitute counsel, he is seeking *retained* counsel to replace appointed counsel, and the substitution request comes in the pre-trial phase, before substantial proceedings have occurred, where his new counsel would require a substantial amount of time to get "up to speed" on the prior proceedings, and retained counsel was on September 16, 2014 informed by the government that additional evidence has only recently or will in the near future be received by the government and will continued to be provided to Defendant by the government.

In most, if not all cases where a denial of substitution of counsel has been affirmed, the substitution request was made at an advanced stage of prosecution (the day of trial, *Moreno v. Estelle*, 717 F.2d 171 (C.A.Tex.,1983), *U.S. v. Pena Hinojosa*, 287 Fed.Appx. 318 (C.A.5 (Tex.),2008), *Bowman v. U.S.*, 409 F.2d 225 (C.A.Fla. 1969); after trial had begun, *Stepp v. Estelle*, 524 F.2d 447 (C.A.Tex. 1975); sentencing hearing, *U.S. v. Pineda Pineda*, 481 Fed.Appx. 211 (C.A.5 (Tex.),2012); after jury retired to consider verdict, *Bilderback v. U.S.*, 249 F.2d 271 (C.A.5 1957)), or where a defendant's dissatisfaction with appointed counsel and request for new appointed counsel was found to be numerous and/or without reasonable necessity or merit. These are not the circumstances here, as, again, it is not the day of trial, nor has trial begun, and Mr. Omigie seeks, for the first time, to be represented by his *own chosen retained* counsel, rather than appointed counsel.

Mr. Omigie primarily, and his family incidentally, will, obviously, be the ones to suffer the consequences of the choice of and effectiveness of counsel who represents him in this crucial pre-trial/trial stage of these proceeding. His comfort with and his trust and belief in his counsel will effect his ability to openly, freely and effectively communicate with and assist his counsel in both the preparation and presentation of his defense, as it will also affect his counsel's effectiveness in his

representation of Mr. Omigie. This is one of the, if not the most critical factors in providing Mr. Omigie with effective assistance of counsel and a fair trial, and in vindicating the rights provided by and mandate contained in the Sixth Amendment of the United States Constitution.

Absent some compelling reason to deny Mr. Omigie his choice of counsel in this extremely serious prosecution, with it's possible dire adverse consequences to Mr. Omigie and his family and their future, which compelling reason Defendant submits is lacking here, Mr. Omigie's right to choose his own retained counsel, and the choice he has made, should be respected and allowed.

## CONCLUSION

Mr. Omigie seeks for the first time to substitute appointed counsel for retained counsel of his choice. This matter is in the pre-trial phase, retained counsel was on September 16, 2014 informed by the government that additional evidence has only recently or will in the near future continued to be provided to Defendant by the government, and no undue delay will be caused by this substitution. For these reasons, Mr. Omigie respectfully seeks and submits that he is entitled to be allowed the substitution of retained counsel at this time.

Respectfully Submitted,

JONATHAN D. GOINS
Attorney at Law
THE GOINS LAW GROUP, LLC
Enterprise Bank Building
2211 Norfolk, Suite 600
Houston, Texas 77098
713-481-7420
J.Goins@GoinsLaw.com
Louisiana Bar Roll No. 30522
Texas Bar Roll No. 24081716

Attorney for the Defendant,
CHRISTOPHER OMIGIE

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of *Defendant Christopher Omigie's Memorandum In Support Of His Opposed Motion To Substitute Counsel* were SERVED VIA THE PACER NOTIFICATION SYSTEM and E-MAIL on JOHN CRAFT, Assistant United States Attorney, on the _____ day of SEPTEMBER, 2014 and all other attorneys of record via the same.

_____
JONATHAN D. GOINS