IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cause No. 1:13-CR-96(8) |
| | § | JUDGE MARCIA CRONE |
| CHRISTOPHER OMIGIE | § | |
| a/k/a "Chief" | § | |

## <u>GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTIONS</u>

## 1.01 PRELIMINARY INSTRUCTIONS

Members of the jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

***Duty of the jury*:**

It will be your duty to find from the evidence what the facts are.   You and you alone will be the judges of the facts.   You will then have to apply to those facts the law as the court will give it to you.   You must follow that law whether you agree with it or not. Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

***Evidence:***

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you.   I will list them for you

now.

(1) Statements, arguments, and questions by lawyers are not evidence.

(2) Objections to questions are not evidence.

Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence.   You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question.   If it is overruled, treat the answer like any other.   If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

(3) Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

(4) Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded.   You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.   Direct evidence is direct proof of a fact, such as testimony of an eyewitness.   Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.   I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to

believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

***Rules for criminal cases:***

As you know, this is a criminal case.   There are three basic rules about a criminal case that you must keep in mind.

*First*: the defendant is presumed innocent until proven guilty.   The indictment brought by the government against the defendant is only an accusation, nothing more.   It is not proof of guilt or anything else.   The defendant therefore starts out with a clean slate.

*Second*: the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his or her innocence, or to present any evidence, or to testify.   Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

*Third*: the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

***Summary of applicable law:***

In this case the defendant(s) is charged in Count One with conspiracy to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of a Schedule II controlled substance, namely, cocaine HCL.   The defendant is also charged in Count Two with conspiracy to launder monetary instruments.

I will give you detailed instructions on the law at the end of the case, and those instructions

will control your deliberations and decision.   But in order to help you follow the evidence,

I will now give you a brief summary of the elements of the offense that the government

must prove beyond a reasonable doubt to make its case.

***Summary of the elements:***

For you to find the defendant guilty of this Count One, you must be convinced that

the government has proved each of the following beyond a reasonable doubt:

*First*: That two or more persons, directly or indirectly, reached an agreement to

possess with intent to distribute a Schedule II controlled substance, namely cocaine

HCL;

*Second*: That the defendant knew of the unlawful purpose of the agreement;

*Third*: That the defendant joined in the agreement willfully, that is, with the intent to

further its unlawful purpose; and

*Fourth*: That the overall scope of the conspiracy involved at least five (5) kilograms

of cocaine HCL.

For you to find the defendant guilty of this Count Two, you must be convinced that

the government has proved each of the following beyond a reasonable doubt:

*First:* That two or more persons, directly or indirectly, reached an

agreement to knowingly engage in or attempt to engage in financial

transactions in proceeds from a specified unlawful activity.

4

*Second:*        That the defendant joined the agreement knowing its purpose and

with the intent to further the illegal purpose.

**Conduct of the jury:**

During the course of the trial, do not speak with any witness, or with the defendant,

or with any of the lawyers in the case.   Please do not talk with them about any subject at

all. You may be unaware of the identity of everyone connected with the case.   Therefore,

in order to avoid even the appearance of impropriety, do not engage in any conversation

with anyone in or about the courtroom or courthouse.   It is best that you remain in the jury

room during breaks in the trial and do not linger in the hall.   In addition, during the course

of the trial, do not talk about the trial with anyone else not your family, not your friends, not

the people with whom you work.   Also, do not discuss this case among yourselves until I

have instructed you on the law and you have gone to the jury room to make your decision at

the end of the trial.   Otherwise, without realizing it, you may start forming opinions before

the trial is over.   It is important that you wait until all the evidence is received and you

have heard my instructions on rules of law before you deliberate among yourselves.

Let me add that during the course of the trial, you will receive all the evidence you

properly may consider to decide the case.   Please do not try to find out information from

any source outside the confines of this courtroom.   Do not seek or receive any outside

information on your own which you think might be helpful.   Do not engage in any outside

reading about this case or the law involved.   Do not attempt to visit any places mentioned

in the case, whether in person or via maps or online resources such as Google Earth.   You

must not read about it in any publications or watch or listen to television or radio reports of what is happening here.   Do not use the Internet or any other form of electronic communication to obtain or provide information to another, whether on a phone, computer, or other device.   This includes, but is not limited to, the use of websites and search engines, such as Google or Yahoo, or other online resource or publication for the use of sending or receiving information on the case.   Do not attempt to learn about the parties, the witnesses, the lawyers, or the judge.   Do not send or receive emails or text messages relating to the case or your involvement.   Do not read or post information on Facebook, or any other blog or social networking site, such as Twitter or MySpace.   The reason for these rules, as I am certain you will understand, is that your decision in this case must be made solely on the evidence presented at the trial.

***Course of the trial:***

The trial will now begin.   First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted.   Next, the defendant's attorney may, but does not have to, make an opening statement.   Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may cross-examine them.   Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine.   If the defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

## 1.04   DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.   But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction or to question the wisdom or correctness of any rule I may state to you.   You must not substitute or follow your own notion or opinion as to what the law is or ought to be.   It is your duty to apply the law as I give it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy.   That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

## 1.05   PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed a defendant is presumed by the law to be innocent.   The defendant begins with a clean slate. The law does not require a defendant to prove his   innocence or produce any evidence at all (and no inference whatever may be drawn from the election of a defendant

not to testify).

The government has the burden of proving the defendant guilty beyond a reasonable doubt; and, if it fails to do so, you must acquit that defendant.   While the Government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.   It is only required that the Government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.   Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

## 1.06   EVIDENCE - EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts.   To do so, you must consider only the evidence presented during trial.   Evidence is the sworn testimony of the witnesses, including stipulations and the exhibits.   The questions, statements, objections and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.   In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.   What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits.   You must

disregard those questions and exhibits entirely.   Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence.   Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.   Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## 1.07 EVIDENCE-INFERENCES-DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."   You should consider and weigh all of the evidence that was presented to you.

The law makes no distinction between the weight to be given either direct or circumstantial evidence.   But the law requires you, after weighing all the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

## 1.08   CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.   In doing so, you may consider all of the evidence.   This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight, if any, to be given the witness' testimony.   An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.   You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.   In making that decision I suggest that you ask yourself a few questions:   Did the witness impress you as honest?   Did the witness have any particular reason not to tell the truth?   Did the witness have a personal interest in the outcome of the case?   Did the witness have any relationship with either the government or the defense?   Did the witness seem to have good memory?   Did the witness clearly see or hear the things about which he testified?   Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?   Did the witness's testimony differ from the testimony of other witnesses?   These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide

how much you believe of what each witness had to say.   In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.   Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.   You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

**1.10   IMPEACHMENT BY PRIOR INCONSISTENCIES**

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony this witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true.   You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use the earlier statements to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

**1.12 IMPEACHMENT BY PRIOR CONVICTION (WITNESS OTHER THAN DEFENDANT)**

You have been told that the witness _____was convicted

11

of_____in_____.

A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility.   It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony.   It is not evidence of anything else.

## 1.14 ACCOMPLICE--INFORMER--IMMUNITY

The testimony of an alleged accomplice, and/or the testimony of one who provides evidence against a defendant as an informer for pay, for immunity from punishment, or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.   You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution.   You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## 1.15 ACCOMPLICE--CO-DEFENDANT--PLEA AGREEMENT

In this case the government called as witnesses alleged accomplice(s), named as a co-defendant in the indictment, with whom the government has entered into a plea agreement.   This agreement provides for a recommendation for a favorable sentence.

12

Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying.   On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty.   You should keep in mind that such testimony is always to be received with caution and weighed with great care.   You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

## 1.17   EXPERT WITNESS

During the trial you heard the testimony of _____ from the _____ Crime Laboratory, who has expressed opinions concerning drug analysis.   If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state an opinion concerning such matters.

Merely because an expert witness has expressed an opinion does not mean, however, that you must accept this opinion.   You should judge such testimony like any other testimony.   You may accept or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons

given for the opinion, and all other evidence in the case.

## 1.18   ON OR ABOUT

You will note that the indictment charges that the offense(s) was/were committed "on or about" a specified date.   The government does not have to prove that the crime was committed on the exact date alleged in the indictment, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near _____, the date stated in the indictment.

## 1.18A VENUE-CONSPIRACY

The events presented at trial happened in various places.   There is no requirement that the entire conspiracy take place in the Eastern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district.   An overt act is an act performed to effect the object of the conspiracy itself.   Though the overt act need not be of a criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence.   This means the government has to convince you only that it is more likely that not that part of the conspiracy took place in the Eastern District of Texas.   All other elements of the offense must be proved beyond a reasonable doubt.   You are instructed that _____,where the government alleges agreement or overt act occurred, is located in the Eastern District of Texas.

14

## 1.19   CAUTION - CONSIDER ONLY CRIMES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged.   The defendant is not on trial for any act, conduct, or offense not alleged in the indictment.   Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## 1.20   CAUTION- PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be.   You should not be concerned with punishment in any way.   It should not enter your consideration or discussion.

## 1.21   SINGLE DEFENDANT-MULTIPLE COUNTS

A separate crime is charged in each count of the indictment.   Each count, and the evidence pertaining to it, should be considered separately.   The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

## 1.30 SIMILAR ACTS

You have heard evidence of acts of defendant, _____, which may be similar to those charged in the indictment, but which were committed on other occasions.   You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment.   However, you may consider this evidence for other, very limited, purposes.

15

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

or

whether the defendant had a motive or the opportunity to commit the acts charged in the indictment;

or

whether the defendant acted according to a plan or in preparation for commission of a crime;

or

whether the defendant committed the acts for which he is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

## 1.31 POSSESSION

Possession, as that term is used in this case, may be of two kinds: actual possession and constructive possession.   A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

Possession may be sole or joint.   If one person alone has actual or constructive possession of a thing, possession is sole.   If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession, as that term is used in these instructions, is present if you find beyond a reasonable doubt that a defendant had either actual or constructive possession, either alone or jointly with others.

## 1.37   "KNOWINGLY" - TO ACT

The word "knowingly" as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## 2.06   AIDING AND ABETTING (AGENCY)

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged.   The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law

holds a defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the offense of conspiracy to distribute and to possess with intent to distribute a controlled substance, namely, cocaine HCL was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*: That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal.   This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assisted the principal of the crime.


### Count One

### CONSPIRACY TO DISTRIBUTE AND TO POSSESS WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE

### 21 U.S.C. §  846

In Count One of the indictment, the defendant(s) is charged with conspiracy to distribute and to possess with intent to distribute five (5) kilograms or more of a Schedule II controlled substance, namely cocaine HCL.

**Title 21, United States Code, Section 846**, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States. In this case, the defendant(s) is charged with conspiring to distribute and to possess with intent to distribute a controlled substance, namely cocaine HCL.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.   It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the

19

government has proved each of the following beyond a reasonable doubt:

*First:*             That two or more persons, directly or indirectly, reached an agreement to distribute or to possess with intent to distribute a controlled substance, cocaine HCL;

*Second:*       That the defendant knew of the unlawful purpose of the agreement;

*Third:*          That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and

*Fourth:*       That the overall scope of the conspiracy involved at least five kilograms of cocaine HCL.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.   Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out.   Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being

committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.   Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

## Count Three

## CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS

## 18 U.S.C. 1965(h)

In Count Three of the indictment, the defendant is charged with conspiracy to launder monetary instruments.

**Title 18, United States Code, Section 1956(h)**, makes it a crime for anyone to conspire with someone else to commit a violation of the laws against laundering monetary instruments.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*    That two or more persons, directly or indirectly, reached an agreement to knowingly engage in or attempt to engage in financial transactions in proceeds from a specified unlawful activity.

*Second:*    That the defendant joined the agreement knowing its purpose and with the intent to further the illegal purpose.

*United States v. Fuchs*, 467 F.3d 889,906 (5th Cir. 2006)

With respect to the first element, the government must show that, in fact, the property was the proceeds of a conspiracy to possess with intent to distribute cocaine HCL which is a specified unlawful activity. 18 U.S.C. 1956(c)(7)(B)(i)

The term "transaction" includes a purchase, sale, gift, transfer, delivery or other disposition.   Fifth Circuit pattern jury instructions § 2.76.

The term "financial transaction" includes any "transaction" as that term has been defined, which in any way or degree affects interstate or foreign commerce, involving the movement of funds by wire or other means, one or more monetary instruments, or the transfer of title to any real property, vehicle vessel or aircraft.   Fifth Circuit pattern jury instructions § 2.76.

The term proceeds means any property derived from or obtained or retained, directly or indirectly through some form of unlawful activity, including the gross receipts of such activity.   Fifth Circuit pattern jury instructions § 2.76.

## 1.24   DUTY TO DELIBERATE - VERDICT FORM

To reach a verdict, whether it is guilty or not guilty all of you must agree.   Your verdict must be unanimous on each count of the indictment.   Your deliberations will be secret.   You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.   Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.   During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.   But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges -- judges of the facts.   Your duty is to decide

whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for the sole count of the indictment, either guilty or not guilty.   At the conclusion of your deliberations, the foreperson should date and sign the verdict form.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.   I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.


_____
MARCIA CRONE
UNITED STATES DISTRICT JUDGE

Dated:  _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cause No. 1:13-CR-96(8) |
| | § | |
| CHRISTOPHER OMIGIE | § | |

## **VERDICT OF THE JURY**

### **Count One**

We, the jury, find as to the defendant, Christopher Omigie, in the offense charged in Count One of the indictment:

_____     _____

(Guilty)                         (Not Guilty)

### **Count Three**

We, the jury, find as to the defendant, Christopher Omigie, in the offense charged in Count Three of the indictment:

_____     _____

(Guilty)                         (Not Guilty)

_____
Date
_____
Foreperson

24

## <u>CERTIFICATE OF SERVICE/CONFERENCE</u>

I hereby certify that a copy of the government's proposed jury instructions was provided to defense counsel September 24, 2014 via electronic transmission.    I hereby further certify that I have conferred with defense attorney Jonathan Goins regarding the motion.    Mr. Goins has indicated that he objects to the government's proposed jury instructions in that they do not include the non-standard/non-pattern language he wishes the Court to include in the final jury instructions.    The government objects to the non-standard/non-pattern language proposed by Mr. Goins for the Court's final jury instructions.

*/s/ John A. Craft*
JOHN A. CRAFT
Assistant U.S. Attorney
