IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | Cause No. 1:13-CR-96 (8) |
| v. | § | |
| | § | JUDGE MARCIA A. CRONE |
| CHRISTOPHER OMIGIE | § | |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO THE GOVERNMENT'S MEMORANDUM OF LAW ON THE USE OF CO-CONSPIRATOR HEARSAY

**MAY IT PLEASE THE COURT:**

Defendant, CHRISTOPHER OMIGIE, submits the following in opposition to the Government's Memorandum Of Law On The Use Of Co-Conspirator Hearsay.

In the section "Proving Conspiracy", the government states:

> The required level of proof *need not* be made independent of the statement(s) at issue. As a result, the court *may* consider the co-conspirator statements at issue themselves when determining the existence of the conspiracy for admissibility purposes. (emphasis in original).

Defendant disagrees. Contrary to the government's position in this regard, citing its decision in *Montford v. United States*, 200 F.2d 759, 760 (5th Cir. 1952), the court in *United States v. Apollo*, 476 F.2d 156 (5th Cir. 1973) held that:

> [A] defendant's connection with a conspiracy cannot be established by the extrajudicial declarations of a co-conspirator, made out of the presence of the defendant. There must be *proof aliunde* of the existence of the conspiracy, and of the defendant's connection with it, *before* such statements become admissible as against a defendant not present when they were made. (emphasis added).

Thus, the judge must make a preliminary determination whether the government has presented sufficient evidence, *independent of the hearsay itself*, to support a finding by the jury that the alleged conspiracy existed and that the declarant and the defendant against whom the statement is offered were members of that conspiracy. This is the "prima facie case" standard enunciated in

*United States v. Oliva*, 497 F.2d 130 (5th Cir. 1974), in which the court, citing *United States v. Apollo*, supra, and *Montford v. United States*, held that:

> It is a long-standing rule in this Circuit that the government must introduce *sufficient independent evidence* of the existence of a conspiracy and of defendant's participation therein before the judge may allow declaration of a co-conspirator to go before the jury . . . (emphasis added).
>
> We define the test as whether the government, by evidence independent of the hearsay declarations of a co-conspirator, has established a prima facie case of the existence of a conspiracy and of the defendant's participation therein, that is whether the other evidence aliunde the hearsay would be sufficient to support a finding by the jury that the defendant was himself a conspirator.

The court's holding in *Oliva* has been followed in its subsequent decisions in *U.S. v. James*, 590 F.2d 575 (C.A.Ga., 1979), *United States v. Rodriguez*, 509 F.2d 1342 (5th Cir. 1976) and *United States v. Tyler*, 505 F.2d 1329 (5th Cir. 1975), the court in James succinctly stating that "*fulfillment of the conditions of admissibility must be established by evidence independent of the coconspirator statement itself.*" Thus, in order for a coconspirator's statement to be admissible, the trial court must determine, based on *substantial and independent evidence*, that a conspiracy existed, that the declarant and the defendant were members of the conspiracy, and that the statement was made during the course and in furtherance of the conspiracy. *U.S. v. Miller*, 664 F.2d 94 (C.A.Fla., 1981). Therefore, a trial judge should not admit proof of such out of court statements unless he finds substantial, *independent evidence of the predicate facts*. *U.S. v. Ricks*, 639 F.2d 1305 (C.A.Ga., 1981).

Further, in the case of a non-testifying co-conspirator, the proponent must adduce *independent evidence* of a concert of action in which the defendant was a participant. *U.S. v. Narviz-Guerra*, 148 F.3d 530 (C.A.5 (Tex.),1998). (emphasis added).

The government's reliance on *Bourjaily v. U.S.*, 483 U.S. 171, 107 S.Ct. 2775 (U.S.Ohio,1987), *U.S. v. Narviz-Guerra*, supra, and such, is misplaced as to the test of

admissibility and the requirement of evidence independent of the coconspirator statement itself, as *Bourjaily v. U.S.* holds, in this regard, only that the court "may examine the hearsay statements sought to be admitted."

In "What constitutes 'in furtherance of'?", the government states:

> Whether a co-conspirator's declaration was made in furtherance of the conspiracy it was made during has generally been liberally construed by the courts.

Defendant does not fully comprehend the substance of the government's statement, as it appears to be incomplete and thus nonsensical. However, to the extent Defendant and/or the court can discern its meaning, Defendant disagrees with the breadth of the government's statement. While it is true that the "in furtherance of the conspiracy" standard must not be applied too strictly (*U.S. v. Miller*, 664 F.2d 94 (C.A.Fla., 1981)), mere conversation between coconspirators is not admissible under the exception. *U.S. v. Miller*, supra.

In the section "When predicate proof of conspiracy must be made" the government states:

> In determining the admissibility of co-conspirator declarations, the court has the inherent discretion to admit said statements into evidence during the course of the trial *in advance* of the necessary evidence of conspiracy upon which their admission is predicated.

Again, while the government's statement is not, in itself, incorrect, it fails to include and recognize the requirement that, in following the order of evidence advanced by the government, the court must first find that the usual order of proof (proving the predicate prior to admission of the statement) impractical. As the court in *U.S. v. Gonzalez-Balderas*, 11 F.3d 1218 (C.A.5 (Tex.),1994) held:

> [T]he district court should require the government to establish a Rule 801(d)(2)(E) predicate before admitting coconspirator statements, *unless the court finds that order of proof impractical.* (emphasis added).

Defendant urges that the court require the government to establish a Rule 801(d)(2)(E)

predicate *before* admitting coconspirator statements, unless the court makes a finding on the record that the usual order of proof, as mentioned in *U.S. v. Gonzalez-Balderas*, supra, is impractical and the reasons for the court's finding.

Respectfully Submitted,

THE GOINS LAW GROUP, LLC

JONATHAN D. GOINS
Attorney at Law
Enterprise Bank Building
2211 Norfolk, Suite 600
Houston, Texas 77098
713-481-7420
J.Goins@GoinsLaw.com
Louisiana Bar Roll No. 30522
Texas Bar Roll No. 24081716

Attorney for Defendant,
CHRISTOPHER OMIGIE

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing *Defendant's Memorandum In Opposition To The Government's Memorandum Of Law On The Use Of Co-Conspirator Hearsay* was served on John A. Craft, Assistant United States Attorney, and all other counsel of record, via ECF filing on this 10Th day of October, 2014.

JONATHAN D. GOINS